CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 10 2014

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **ANTHONY ANTHA SMITH,** | ) | **CASE NO. 7:14CV00285** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | |
| **CHARLES A MCCLURE, ESQ.,** | ) | **By:  Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Defendant.** | ) | |

Anthony Antha Smith, a Kentucky inmate proceeding pro se, filed a pleading that he styles as a "CIVIL COMPLAINT FOR PATENT INFRINGEMENT." (Compl. 1.)  Smith also moves to proceed in forma pauperis.  Upon review of the record, the court grants plaintiff in forma pauperis status, pursuant to 28 U.S.C. § 1915(b), but finds that the action must be summarily dismissed.

Smith sues a now-deceased attorney, Charles A. McClure, of Lexington, Virginia, who represented Smith in obtaining a 1999 patent for a device Smith invented, the "Portable Liquid Sanitation Cart." (Compl. 2.)  Smith alleges that he employed McClure in 1995 to assist him in patenting Smith's invention, also known as a "Hospital Liquid Sanitation Cart." (Compl. 2.)  Sometime after obtaining Patent No. 5918323 for the device, Smith "suffered a stroke and remained unable to communicate with others for a considerable period of time." (Id.)  Smith believes that while he was so incapacitated, McClure began offering the sanitation cart device as his own on his business website, PatentStorm, thus allegedly infringing on Smith's rights under the patent.  Smith asserts that McClure wrongfully denied him all profits obtained through listing the cart on the website and seeks compensatory damages and an injunction against McClure to prevent him from blocking Smith's exercise of his rights.

Smith filed these same claims against McClure in 2008. <u>Smith v. McClure</u>, Case No. 7:08CV00414 (W.D. Va. 2008). The court summarily dismissed the action under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Section 1915 imposes a mandatory duty on the court "to screen initial filings [submitted <u>in forma pauperis</u>] to determine whether they fall within any of the causes for dismissal set forth in § 1915(e)(2)(B)" and to "'apply common sense, reject the fantastic, and rebut alleged matters with judicially noticeable facts.'" <u>Id.</u>, <u>Slip Op.</u> 3 (<u>quoting</u> <u>Nasim v. Warden, Maryland House of Corr.</u>, 64 F.3d 951, 954 (4th Cir. 1995)).

In Case No. 7:08CV00414, the court found that Smith had not presented facts stating any claim that McClure had infringed on Smith's patent by offering his invention for sale on the PatentStorm website. The court took judicial notice that the website Smith referenced merely provided the general public with an opportunity to search and obtain free copies of patents for all patented inventions from 1976 to the present; that the website itself expressly informed patrons that it did not offer for sale any of the patented goods mentioned on the site; and that McClure was listed on the website as Smith's patent attorney, not as an owner of the website. On these facts, the court found that Smith had not stated any claim against McClure for patent infringement under 35 U.S.C. § 271(a) and dismissed the action under § 1915(e)(2)(B).

Smith's current claim of patent infringement must also be summarily dismissed under § 1915(e)(2)(B). For the reasons stated in Case No. 7:08CV00414, Smith has not presented any actionable claim against anyone based on the PatentStorm's listing of his patent in the past. When the court attempted to visit the PatentStorm website in June 2014, the display consisted of a message that PatentStorm is no longer in operation. Smith himself states that McClure died in 2010. Thus, Smith's claims for injunctive relief to prevent future listing of his invention on the website or future misuse of the patent in any way by McClure must be dismissed as moot.

For the reasons stated, the court dismisses Smith's complaint, pursuant to § 1915(e)(2)(B), for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This _9th_ day of June, 2014.

_____

Chief United States District Judge